```
DAVID A. COTTER, SB 169834
PO Box 34066
San Diego, CA 92103
Tel: (619) 889-8800
Fax:(619) 491-0725
Email: d.cotter1@cox.net


Attorney for Defendant
Legal Recovery Law Offices, Inc.
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CAROLYN GAYDEN,<br><br>    Plaintiffs,<br><br>  vs.<br><br>LEGAL RECOVERY LAW OFFICES, INC.,<br><br>    Defendant. | **Case No.**<br><br>**09-CV-06714-GAF-FMOx**<br><br>**DEFENDANT LEGAL RECOVERY LAW OFFICES, INC. ANSWER TO COMPLAINT** |

**COMES NOW** Defendant LEGAL RECOVERY LAW OFFICES, INC., and answering on file herein, admits, denies and alleges as follows:

1.   As to Paragraph 1, Defendant LEGAL RECOVERY LAW OFFICES, Inc. (hereinafter "Defendant LRLO") lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiffs to his/her proof.

2.   As to Paragraph 2, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves the plaintiffs to his/her proof.

ANSWER TO COMPLAINT BY DEFENDANT LEGAL RECOVERY LAW OFFICES INC.

PAGE - 1

3.   As to Paragraph 3, Defendant LRLO admits that Plaintiffs asserts that jurisdiction arises under Federal statutes.

4.   As to Paragraph 4, Defendant LRLO, admits  that it conducts business in the State of California and that personal jurisdiction is established.

5.   As to Paragraph 5, Defendant LRLO admits that venue is proper.

6.   As to Paragraph 6, Defendant LRLO admits that Plaintiff's assert that declaratory relief is available pursuant to Federal Statute.

7.   As to Paragraph 7, Defendant LRLO, admits that Plaintiff CAROLYN GAYDEN is a natural person residing in Cerritos, CA.

8.   As to paragraph 8, Defendant LRLO admits  that Plaintiff is a consumer and as to the remaining allegations, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves plaintiff to his/her proof.

9.   As to paragraph 9, Defendant LRLO admits it is a debt collector as defined by federal law, and as to the remaining allegations, Defendant LRLO lacks sufficient information and knowledge to form a belief and therefore, leaves plaintiff to his/her proof.

10.  As to paragraph 10, Defendant LRLO denies it is a "national company" as that term is vague and ambiguous and LRLO admits that its principal office is in San Diego, California.

11.  As to Paragraph 11, Defendant LRLO lacks sufficient information and knowledge about what acts Plaintiffs are referring to  and is unable to form a belief as to plaintiff's allegations and therefore, leaves plaintiff to his/her proof.

12.  As to Paragraph 12, Defendant LRLO denies the allegations contained therein as the allegation, as phrased,  is

ANSWER TO COMPLAINT BY DEFENDANT LEGAL RECOVERY LAW OFFICES INC.

PAGE - 2

in the constant present, however LRLO does admit that it has in the past, attempted collect an alleged debt owed by Plaintiff.

13.  As to paragraph 13, Defendant LRLO, denies having ever placed a call to Plaintiff.

14.  As to paragraph 14, Defendant LRLO, denies the allegations contained therein.

15.  As to paragraph 15,  Defendant LRLO, denies the allegations contained therein.

16.  As to paragraph 16, Defendant LRLO, denies the allegations contained therein.

17.  As to paragraph 17, Defendant LRLO, denies the allegations contained therein.

18.  As to paragraph 18, Defendant LRO, admits that did not file a lawsuit against Defendant as Defendant settled the account.

19.  As to paragraph 19 and subparts a through d, Defendant LRLO denies it violated any statute and denies all the allegations contained therein.

20.  As to paragraph 20, Defendant LRLO, denies it violated statutory law and lacks sufficient and knowledge as to form a belief regarding alleged emotional distress and therefore leaves plaintiffs to his/her  proof.

21.  As to paragraph 21, Defendant LRLO, denies its conduct violated the Fair Debt Collection Practices Act and denies Plaintiff is entitled to any form of declaratory relief.

22.  As to paragraph 22, Defendant LRLO denies that it is liable for any statutory damages.

23.  As to paragraph 23, Defendant LRLO denies that it is liable for any actual damages.

24.  As to paragraph 24, Defendant LRLO denies that it is liable for any costs of litigation and attorney fees.

ANSWER TO COMPLAINT BY DEFENDANT LEGAL RECOVERY LAW OFFICES INC.

PAGE - 3

25.  As to paragraph 25, Defendant LRLO denies Plaintiffs are entitled to any other relief.

26.  As to paragraph 26, admits that Plaintiff repeats and realleges the allegations contained in Count I of its complaint.

27.  As to paragraph 27, subparts a through e, Defendant LRLO, denies it violated any state statute and denies the remaining allegations contained therein.

28.  As to paragraph 28, Defendant LRLO, denies it violated statutory law and lacks sufficient and knowledge as to form a belief regarding alleged emotional distress and therefore leaves plaintiffs to his/her proof.

29.  As to paragraph 29, Defendant LRLO, denies its conduct violated the Rosenthal Fair Debt Collection Practices Act.

30.  As to paragraph 30, Defendant LRLO denies that it is liable for any statutory damages.

31.  As to paragraph 31, Defendant LRLO denies that it is liable for any actual damages.

32.  As to paragraph 32, Defendant LRLO denies that it is liable for any costs of litigation and attorney fees.

33.  As to paragraph 33, Defendant LRLO denies Plaintiffs are entitled to any other relief.

**AFFIRMATIVE DEFENSES**

34.  Plaintiff's Complaint, in whole, or in part, fails to state a claim upon which relief can be granted.

35.  Plaintiff's claims in whole or in part, are barred by the applicable statute of limitations.

36.  That all of Defendant LRLO's actions were taken in good faith and with due care, and Defendant LRLO did not directly

ANSWER TO COMPLAINT BY DEFENDANT LEGAL RECOVERY LAW OFFICES INC.

PAGE - 4

engage in the alleged act, acts or omission(s) constituting the alleged violations or causes of action asserted by plaintiff.

37.  Plaintiff's claims are barred by the doctrine of estoppel.

38.  Plaintiff's claims are barred by the doctrine of laches.

39.  Plaintiff's claims are barred by the doctrine of waiver.

40.  Plaintiff's claims are barred by the doctrine of res judicata.

41.  Plaintiff's claims are barred by the doctrine of collateral estoppel.

42.  Plaintiff failed to mitigate his damages, if any were suffered.

43.  Plaintiff's damages, if any, were caused by the actions or inactions of others whom this answering Defendant had no control.

44.  The alleged violations and/or causes of action asserted by the plaintiff were or are the result of a bona fide mistake.

45.  The alleged violations and/or causes of action asserted by the plaintiff were or are the result of a bona fide error.

46.  Plaintiff's claims are barred by the doctrine of accord and satisfaction.

47.  The alleged violations and/or causes of action asserted are protected speech under the first amendment and protected under the litigation privilege.

48.  Defendant LRLO asserts this lawsuit was brought in bad faith and is completely without merit.

49.  Answering Defendant LRLO reserves the right to add additional affirmative defenses as may be discovered through future discovery.

   WHEREFORE Defendant LEGAL RECOVERY LAW OFFICES, Inc. prays that plaintiff CAROLYN GAYDEN take nothing by way of their Complaint;

ANSWER TO COMPLAINT BY DEFENDANT LEGAL RECOVERY LAW OFFICES INC.

PAGE - 5

and that Defendant LRLO be dismissed  with costs of suit incurred herein, attorney fees and for such other further relief as the Court deems proper.

```
   DATED: February 11, 2010    LAW OFFICE OF DAVID COTTER


                               _s/David Cotter_____
                               DAVID COTTER
                               d.cotter1@cox.net
                               Attorney for Defendant
                               Legal Recovery Law Offices Inc.
```

ANSWER TO COMPLAINT BY DEFENDANT LEGAL RECOVERY LAW OFFICES INC.

PAGE - 6